UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Kiana Okamura, | Case No. 23-cv-0829 (WMW/DTS) |
| Plaintiff, | |
| | **ORDER** |
| v. | |
| Rental Research Services, Inc., | |
| Defendant. | |

Before the Court is Defendant Rental Research Services, Inc.'s ("Rental Research") motion for judgment on the pleadings. (Dkt. 32.) For the reasons addressed below, the motion is denied.

## BACKGROUND

Plaintiff Kiana Okamura sued Rental Research, alleging that Rental Research violated the federal Fair Credit Report Act ("FCRA"). Around February 2022, Kiana Okamura and her fiancé applied to live at Summerset Apartments located in Fargo, North Dakota. Summerset Apartment is owned by Goldmark Property Management ("Goldmark"). Goldmark contracted with Rental Research to provide screening reports on prospective tenants. Rental Research sold a tenant screening report ("the Report") about Kiana Okamura to Goldmark, purporting to provide Kiana Okamura's credit history, criminal history and civil records history. As part of the Report, Rental Research included a civil eviction and judgment record pertaining to Kiarah Okamura, Kiana Okamura's sister. Subsequently, Goldmark informed Kiana Okamura that her housing application was

denied as a direct result of the civil eviction and judgment record. After learning about the civil eviction and judgment record, Kiana Okamura informed Goldmark of the mistake. Despite having this information, Goldmark still refused to rent to Kiana Okamura. Kiana Okamura did not dispute the Report with Rental Research.

Kiana Okamura, her fiancé and their children eventually moved into the Summerset Apartment. However, because of Rental Research's report, Kiana Okamura was not permitted to be named on the lease. She now brings this action against Rental Research, alleging that Rental Research violated 15 U.S.C. § 1681e(b) of the FCRA by failing to establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the tenant screening report.

## ANALYSIS

### I. Motion for Judgment on the Pleadings Standard

A party may file a motion for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). When deciding a motion for judgment on the pleadings, the Court accepts as true all the factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Gorog v. Best Buy Co.*, 760 F.3d 787, 792 (8th Cir. 2014). The purpose of a judgment on the pleadings is to dismiss pleadings that are legally flawed and destined to fail, "thereby sparing litigants the burden of unnecessary pretrial and trial" proceedings. *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001).

On a motion for judgment on the pleadings, a district court may consider documents necessarily embraced by the pleadings. *See Ashanti v. City of Golden Valley*, 666 F.3d

1148, 1151 (8th Cir. 2012). Materials are necessarily embraced by the pleadings when a complaint alleges the contents of the materials and no party questions their authenticity. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

To avoid dismissal, a claim must be facially plausible to allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009); *Cole v. Homier Distrib. Co.*, 599 F.3d 856, 861 (8th Cir. 2010). While detailed factual allegations are not required, the factual allegations must be sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the factual allegations in the complaint suggest only a mere possibility of misconduct, the complaint must be dismissed. *Ashcroft*, 556 U.S. at 679; *Cole*, 599 F.3d at 861.

## II.     15 U.S.C. § 1681e(b)

The parties dispute whether Rental Research violated 15 U.S.C. § 1681e(b). Rental Research argues the Report was "technically accurate" since the possible match was immediately preceded by a warning to Goldmark that the Report only identified individuals with similar names. Okamura contends that even if the Report was "technically accurate," the Report is "materially misleading," which violates 15 U.S.C. § 1681e(b).

A consumer reporting agency must "follow reasonable procedures to assure maximum possible accuracy" of the information included in a consumer report. 15 U.S.C. § 1681e(b). To plead a viable claim under 15 U.S.C. § 1681e(b), a plaintiff must plausibly allege that (1) the report was inaccurate in some way and (2) the inaccuracy resulted from the consumer reporting agency's failure to follow reasonable procedures. *See Hauser v.*

3

*Equifax, Inc.*, 602 F.2d 811, 814-15 (8th Cir. 1979)*; see also Morris v. Experian Info. Sols., Inc.*, 478 F. Supp. 3d 765, 768 (D. Minn. 2020).

The parties primarily dispute whether the Report was inaccurate in some way that imposes liability on Rental Research. The Report listed the civil eviction and judgment record of Kiarah Okamura and provided the following notice:

> **NOTICE: The following records are based solely on name similarities.** Please review with caution for the records require verification. The information may not pertain to the subject of this report. For assistance in confirming any connection between these records and the subject of this report, please order a verification report and one of our trained investigators will attempt verification. Records confirmed to be the subject of this report will be updated with the appropriate personal identified and records we are unable to confirm will be removed from this report.

(Dkt. 34 at 2.) Rental Research maintains that it is entitled to judgment on the pleadings because the Report is "technically accurate." In support of this argument, Rental Research relies on *Wilson v. Rental Rsch. Servs., Inc.*, 165 F.3d 642 (8th Cir.), *reh'g en banc granted, opinion vacated,* 191 F.3d 911 (8th Cir. 1999), and *on reh'g en banc,* 206 F.3d 810 (8th Cir. 2000).

In *Wilson*, Rental Research provided an allegedly inaccurate report and provided the following warning:

> **\*\*WARNING\*\***
> THE FOLLOWING RECORDS FROM OUR DATA BASE ARE BASED SOLELY ON THE NAME. REVIEW WITH CAUTION FOR THE RECORDS REQUIRE VERIFICATION. THE INFORMATION MAY NOT PERTAIN TO THE SUBJECT OF THIS REPORT. IF A CONNECTION EXISTS, TELEPHONE VERIFIED INFORMATION TO OUR OFFICE MANAGER.

*Wilson*, 165 F.3d at 643.  The district court in *Wilson* granted summary judgment for Rental Research, concluding that the statements were "technically accurate" and, therefore, did not violate the FCRA.  *Id.* at 644.  Here, Rental Research seeks judgment on the pleadings, the summary judgment standard does not apply.[1]

Rental Research also relies on *Erickson v. First Advantage Background Servs. Corp.*, 981 F.3d 1246 (11th Cir. 2020), which is similarly unavailing.  In *Erickson,* the plaintiff filed suit against the defendant for releasing an inaccurate report that included a sex-offender record that belonged to the plaintiff's father.  *Id.* at 1248.  The district court in *Erickson* granted judgment as a matter of law at the conclusion of the Plaintiff's case during a jury trial.  *Id.*  The United States Court of Appeals for the Eleventh Circuit affirmed the decision based on the evidence that was provided at trial.  *Id*. at 1250-53.  The procedural posture of this case is a motion for judgment on the pleadings, which is readily distinguished from *Erickson*.

Since *Wilson* was decided in 1987, Eighth Circuit law has evolved.  Information that is "technically correct" may be considered inaccurate if it is "materially misleading."  *See Morris*, 478 F. Supp. 3d at 768; *see also Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824, 827 n.2 (8th Cir. 2013) ("We do not agree with the district court that the 'technical

---

[1] Additionally, although a panel for the United States Court of Appeals for the Eighth Circuit reversed the district court's decision in *Wilson,* an *en banc* panel for the Eighth Circuit voted five-to-five to affirm the decision.  206 F.3d 810 (8th Cir. 2000).  Rental Research's reliance on the Eighth Circuit's *en banc* decision argument is not dispositive as "an affirmation on an equally divided vote is not binding precedent."  *Taylor v. Tenant Tracker, Inc.*, 710 F.3d 824, 827 n.2 (8th Cir. 2013) (citations omitted).  The Court, therefore, is not bound by the decision in *Wilson*.

accuracy' standard endorsed in *Wilson v. Rental Research Services, Inc.*, Civ. No. 3-96-820 (D. Minn. Nov. 10, 1997), states the law of this circuit."). Here, even if the Report provided by Rental Research is "technically correct," if it is misleading it "may nevertheless be considered inaccurate." *Morris*, 478 F. Supp. 3d at 768. And, whether "technically accurate" information is "materially misleading" so as to qualify as inaccurate for purposes of the FCRA is a question of fact to be submitted to a jury. *Beseke v. Equifax Info. Servs. LLC*, 420 F. Supp. 3d 885, 892 (D. Minn. 2019)

When accepting as true all of the factual allegations in the complaint and drawing all reasonable inferences in Kiana Okamura's favor, the Court concludes that Kiana Okamura sufficiently alleges that the Report was inaccurate and that the Report was misleading. Whether the Report when combined with the warnings is "materially misleading" to violate the FCRA is a question for the jury. Accordingly, Rental Research's motion for judgment on the pleadings is denied.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Rental Research Services, Inc.'s motion for judgment on the pleadings, (Dkt. 32), is **DENIED.**

Dated: January 22, 2024

 s/ Wilhelmina M. Wright
Wilhelmina M. Wright
United States District Judge